E.G.L. GEM LAB LTD.,
Plaintiff–Appellee,

v.

GEM QUALITY INSTITUTE, INC., doing business as European Gemological Laboratory, doing business as
EGL Los Angeles, doing business as
EGL–LA, Thomas E. Tashey, Jr. and
Myriam Tashey, Defendants–Appellants.

No. 00–7833.

United States Court of Appeals,
Second Circuit.

Feb. 20, 2001.

Robert D. Katz, Cooper & Dunham, N.Y., NY, for appellants.

Robert E. Hanlon, Coudert Brothers, N.Y., NY, for appellee.

Present KEARSE, LEVAL and KATZMANN, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated in Judge Kaplan's Opinion, reported at 90 F.Supp.2d 277 (2000). We reject both the premise and the conclusion of defendants' contention that the district court did not make findings sufficient to warrant the imposition of attorneys' fees under the Lanham Act because it did not find that they acted fraudulently or in bad faith. In discussing the appropriateness of a fee award, the district court found that in the present case "the willfulness of the infringement is clear." *Id.* at 309. In considering the merits of the case, the court had found, *inter alia*, that "Tashey knew full well that his grading and issuance of EGL certificates at shows outside Los Angeles was not within the scope of the sublicense, and his contrary testimony at trial was false," *id.* at 293 n. 122, and that

"Tashey, in the Court's view, clearly acted in bad faith," *id.* at 293 n. 125. Other district court cases in which the courts declined to award fees because they felt the bad faith there exhibited did not warrant such awards have no application here. The findings of the district court in the present case were ample to permit the award of fees.

We have considered all of defendants' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.